**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-cv-01335 |
| | ) | |
| COUNTY OF COOK, COOK COUNTY | ) | Honorable Sara L. Ellis |
| SHERIFF THOMAS DART, LIEUTENANT | ) | |
| J. GUST, LIEUTENANT A. LUPPINO, | ) | JURY DEMANDED |
| OFFICER A. STUBENVOLL, OFFICER T. | ) | |
| JACKSON, OFFICER K. WOODS, | ) | |
| OFFICER J. OLIVAS, OFFICER M. HILL, | ) | |
| OFFICER C. HILL, OFFICER G. FLORES, | ) | |
| OFFICER T. PRINE, OFFICER F. HUGHES, | ) | |
| OFFICER G. HARPER and OFFICER E. | ) | |
| OLEA, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Plaintiff, JONATHAN LACY ("LACY"), by his attorneys, complains of Defendants, COUNTY OF COOK, COOK COUNTY SHERIFF THOMAS DART, LIEUTENANT J. GUST, LIEUTENANT A. LUPPINO, OFFICER A. STUBENVOLL, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER, and OFFICER E. OLEA, and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331, as all claims asserted herein are brought pursuant to 28 U.S.C. Sec. 1983 and pose federal questions.

2. Venue is proper under 28 U.S.C. Sec. 1391(b), as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

1

## PARTIES

3. Plaintiff LACY is an inmate currently incarcerated in Pinckneyville Correctional Center located in Pinckneyville, Illinois. LACY's Prisoner Identification Number is 20200420040.

4. At all relevant times, from approximately April 20, 2020, through approximately July 11, 2022, LACY was incarcerated in the Cook County Jail, located in Chicago, Illinois.

5. The Cook County Jail is operated by the Cook County Sheriff's Office, a department of the County of Cook, Illinois.

6. Defendant Thomas Dart is the Sheriff of Cook County.

7. As Sheriff, Defendant Thomas Dart is responsible for all final policies and practices implemented at the Cook County Jail.

8. The County of Cook is responsible for all money damages against the Sheriff's Office and its officers.

9. The Cook County Sheriff's Office is responsible for the acts of its employees while acting within the scope of their employment, including correctional officers working at the Cook County Jail within the scope of their employment.

10. At all relevant times, LT. J. GUST was employed by the County of Cook as a Supervisor Lieutenant at the Cook County Jail.

11. At all relevant times, LT. A. LUPPINO was employed by the County of Cook as a Supervisor Lieutenant at the Cook County Jail.

12. At all relevant times, C.O. A. STUBENVOLL was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

13. At all relevant times, C.O. T. JACKSON was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

14. At all relevant times, C.O. K. WOODS was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

15. At all relevant times, C.O. J. OLIVAS was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

16. At all relevant times, C.O. M. HILL was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

17. At all relevant times, C.O. C. HILL was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

18. At all relevant times, C.O. G. FLORES was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

19. At all relevant times, C.O. T. PRINE was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

20. At all relevant times, C.O. F. HUGHES was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

21. At all relevant times, C.O. G. HARPER was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

22. At all relevant times, C.O. E. OLEA was employed by the County of Cook as a Correctional Officer at the Cook County Jail.

## **COMMON ALLEGATIONS**

23. At all times relevant to this suit, LACY was an inmate at the COOK COUNTY JAIL awaiting a final disposition of the charges.

24. At all times relevant to this suit, and to this day, LACY is paralyzed and wheelchair bound, and is reliant on his wheelchair for mobility.

25. At all times relevant to this suit, and to this day, LACY requires wheelchair accessible accommodations including but not limited to toilet access, shower access, and a wheelchair accessible bed.

26. At all times relevant to this suit, the Cook County Sherriff's office and all Cook County Jail employees, including Lt. Gust, Lt. Luppino, C.O. Stubenvoll, C.O. Jackson, C.O. Woods, C.O. Olivas, C.O. M. Hill, C.O. C. Hill, C.O. Flores, C.O. Prine, C.O. Hughes, C.O. Harper and C.O Olea knew or should have known of LACY's disability.

27. Prior to his incarceration at the Cook County Jail, LACY had been taking anti-depressants for at least 17 years, since he was paralyzed.

28. Following his incarceration at the Cook County Jail, LACY had been requesting anti-depressants due to a steady decline in his mental health.

29. On or about May 11, 2020, LACY called his family to obtain information about his mother, who was experiencing severe issues related to the loss of both her kidneys.

30. On or about May 11, 2020, LACY was informed by his siblings that his mother was critically ill and in the hospital.

31. Upon receiving this information, on or about May 11, 2020, LACY began to experience a severe mental health breakdown.

32. Upon receiving the information about his mother and amidst his mental health breakdown, LACY asked C.O. JACKSON for a psychiatric evaluation.

33. Amidst his mental health breakdown, LACY attempted to remove the leg from his wheelchair and threatened to inflict harm upon himself.

34. LACY was visibly distraught, requesting a psychiatric evaluation, and threatening self-harm. Despite this, C.O. JACKSON and the other nearby correctional officers denied LACY's request for a psychiatric evaluation.

35. Instead of attempting to help LACY, who was visibly experiencing a mental health crisis and threatening self-harm, C.O. JACKSON called LT. GUST, who appeared with approximately ten other correctional officers, including those named in this suit.

36. Instead of attempting to help LACY, who was visibly experiencing a mental health crisis and threatening self-harm, LT. GUST ordered LACY to return to his cell.

37. When LACY did not respond, and instead continued to spiral and beg for medical assistance and a psychiatric evaluation, LT. GUST and the other named officers violently pulled LACY from his wheelchair and forced him to the ground.

38. LACY pleaded that he needed to see a mental health doctor and again stated that he was going to harm himself.

39. Instead of taking LACY to the medical center, LT. GUST and the other named officers, brought the visibly distraught LACY to his cell where LACY once again requested to see a mental health doctor.

40. Once in his cell, LACY removed the arm of his wheelchair and hit the door in order to get the guards' attention, again threatening to harm himself.

41. At no point during his mental health crisis did LACY threaten to harm others or exhibit aggressive behavior toward other inmates or guards.

42. C.O. STUBENVOLL instructed LACY to drop the wheelchair arm, and LACY complied, again requesting a psychiatric evaluation.

43. C.O. STUBENVOLL did not respond, and instead removed the first wheelchair arm, and closed LACY's cell door.

44. LACY removed the other armpiece, and again began hitting the door in order to get the guards' attention.

45. C.O. STUBENVOLL reentered the cell, taking the second wheelchair arm from LACY.

46. LACY backed away from the cell entrance, and, visibly upset, attempted to obtain a bedsheet to tie around his neck. At this time, LACY continued to threaten self-harm if he did not receive a psychiatric evaluation.

47. C.O. STUBENVOLL and LT. GUST entered LACY's cell, followed by LT. LUPPINO, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER and OFFICER E. OLEA.

48. Confronted by the officers, LACY put up his hands, and bowed his head, showing he did not have any other wheelchair parts on hand.

49. On information and belief, OFFICER STUBENVOLL, LT. GUST, LT. LUPPINO, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER and OFFICER E. OLEA (collectively, "Employee Defendants") took LACY out of his wheelchair and slammed him to the ground of his cell.

50. On information and belief, Employee Defendants repeatedly punched and kicked at LACY.

51. During the encounter, LT. GUST hit LACY in the face at least eight times, leaving LACY faint and dizzy.

52. LACY was then placed in handcuffs, and his wheelchair was removed from his cell.

53. Employee Defendants left the cell, leaving LACY physically injured, in a continued mental health crisis, and unable to move without his wheelchair.

### Count I – Use of Excessive Force
### (Employee Defendants)

54. LACY hereby reasserts and incorporates Paragraph Nos. 1-49 as though fully set forth herein.

55. As set forth above, Employee Defendants intentionally used force against LACY.

56. At that time, the wheelchair-bound LACY was not acting aggressively towards any other guards or inmates.

57. Instead, LACY was experiencing a mental-health crisis, a fact that he repeatedly communicated to the correctional officers on duty.

58. Additionally, the force used against LACY went beyond what was required to prevent LACY from harming himself.

59. Employee Defendants were intentionally and excessively violent against LACY for the purpose of harming LACY, and not in a good faith effort to maintain or restore security and order.

60. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants,. LT. GUST, LT.

LUPPINO, OFFICER A. STUBENWOLL, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER and OFFICER E. OLEA, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

**Count II – Failure to Intervene**
**(Employee Defendants)**

61. LACY hereby reasserts and incorporates Paragraph Nos. 1-53 as though fully set forth herein.

62. As the events unfolded on May 11, 2020, the Employee Defendants knew that the other officers, in particular C.O. STUBENVOLL and LT. GUST, were using excessive force against LACY.

63. Moreover, the Employee Defendants had the opportunity to stop the other officers from inflicting the repeated and excessive violence against LACY.

64. The Employee Defendants failed to take reasonable steps to prevent the excessive violence inflicted against LACY.

65. The Employee Defendants failed to act, and as a result of this failure, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants, LT. GUST, LT. LUPPINO, OFFICER A. STUBENWOLL, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER and OFFICER E. OLEA,

and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count III – Failure to Provide Medical Attention
### (Employee Defendants)

66. LACY hereby reasserts and incorporates Paragraph Nos. 1-53 as though fully set forth herein.

67. As set forth above, LACY was in the midst of a mental health crisis.

68. Even before the events at issue, LACY had requested antidepressants due to his declining mental state.

69. On May 11, 2020, following his phone call with his family, LACY repeatedly requested a psychiatric evaluation.

70. Furthermore, on May 11, 2020, LACY repeatedly threatened to harm himself if he did not receive psychiatric help.

71. LACY's mental health crisis was obvious and clearly expressed, and even a non-medical professional would have realized that LACY was experiencing a mental health emergency.

72. Furthermore, even a non-medical professional would have realized by LACY's threats that he faced a serious risk of self-harm if he did not receive medical assistance.

73. The Employee Defendants intentionally and consciously failed to take reasonable measures to provide treatment for LACY's mental health crisis.

74. In particular, the Employee Defendants failed to provide LACY with a psychiatric evaluation, despite his clearly expressed need and repeated requests.

75. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants, LT. GUST, LT. LUPPINO, OFFICER A. STUBENWOLL, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER and OFFICER E. OLEA, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count IV – Failure to Provide Medical Attention
**(Cook County Sheriff Thomas Dart and County of Cook)**

76. LACY hereby reasserts and incorporates Paragraph Nos. 1-53 as though fully set forth herein.

77. As set forth above, at the time of the events complained of herein, LACY had a serious medical need that was known to Employee Defendants.

78. Furthermore, Employee Defendants were aware of the serious risk of harm presented and were deliberately indifferent to that risk.

79. The misconduct described in this Complaint was undertaken pursuant to the policy and practice of Sheriff Dart and the County of Cook in that:

    a. The County manifested deliberate indifference by maintaining policies and practice that fail to adequately address mental health emergencies that may occur within the Cook County Jail.

    b. The County maintains policies and practices that allow and cause its staff to disregard people suffering from mental health crisis by failing to adequately respond to mental health emergencies.

      c. The County fails to establish necessary training to identify and respond to mental health emergencies amongst inmates.

80. Even where Sheriff Dart and the County might identify the need for medical treatment for mental health emergencies, Sheriff Dart and the County have shown a deliberate indifference by failing to provide adequate resources for responding to and caring for mental health emergencies.

81. Furthermore, Sheriff Dart and the County knew that it was highly predictable that its staff may use excessive force in responding to prisoners suffering mental health emergencies.

82. Sheriff Dart and the County's failure to implement adequate policies and practices, and provide adequate training proximately caused LACY to sustain serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against the Defendants, COOK COUNTY SHERIFF THOMAS DART and COUNTY OF COOK, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

## JURY DEMAND

The Plaintiff, JONATHAN LACY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                            Respectfully submitted,

                                            JONATHAN LACY

                                            By: /s/ Ronald S. Cope
                                                        One of His Attorneys

Ronald S. Cope, ARDC# 0515256
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 2300
Chicago, Illinois 60602

Phone: (312) 345-5700
Fax: (312) 345-5701
rcope@schainbanks.com