IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:22-cv-01335 |
| ) | |
| COUNTY OF COOK, LIEUTENANT J. ) | Honorable Sara L. Ellis |
| GUST, LIEUTENANT A. LUPPINO, ) | |
| OFFICER A. STUBENVOLL, OFFICER T. ) | JURY DEMANDED |
| JACKSON, OFFICER K. WOODS, ) | |
| OFFICER J. OLIVAS, OFFICER M. HILL, ) | |
| OFFICER C. HILL, OFFICER G. FLORES, ) | |
| OFFICER T. PRINE, and OFFICER F. ) | |
| HUGHS, ) | |
| Defendants. ) | |

**JOINT INITIAL STATUS REPORT**

The plaintiff, Jonathan Lacy ("Plaintiff"), through his attorneys, and the defendants County of Cook and County ("County") and Sheriff Thomas Dart ("Dart") (collectively, Defendants County and Dart"), through their attorneys, submit this Joint Initial Status Report pursuant to the Court's December 13, 2022 Order (Dkt. No. 15) and state as follows:

1. **Nature of the Case**

    A.  Identify the attorneys of record for each party, including the lead trial attorney.
        **Plaintiff is represented by the law firm of Schain, Banks, Kenny & Schwartz, Ltd. Ronald S. Cope is the lead attorney. Nicholas D. Standiford is an attorney of record in the case.**

        **Defendants County and Dart are represented by DeVore Radunsky LLC. Troy S. Radunsky is the lead attorney. Jason E. DeVore is an attorney of record in the case.**

        **Defendants Lt. J. Just, Lt. A. Luppino, Ofc. A. Stubenvoll, Ofc. T. Jackson, Ofc. K. Woods, Ofc. J. Olivas, Ofc. M. Hill, Ofc. C. Hill, Ofc. G. Flores, Ofc. T. Prine, and Ofc. F. Hughs ("Employee Defendants") have not been served with the Amended Complaint. DeVore Radunsky LLC inadvertently filed appearances for the Employee Defendants and filed a motion to withdraw shortly thereafter (Dkt. No. 20). The motion was granted on January 30, 2023.**

1

#377265v1

B. Identify any parties that have not yet been served.
**Employee Defendants. Plaintiff will be sending requests to Employee Defendants to waive service.**

C. State the basis for federal jurisdiction.
**All claims asserted by Plaintiff in the present cause of action are constitutional claims posing federal questions. Federal jurisdiction is therefore appropriate without raising issues of supplemental or diversity jurisdiction.**

D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.
**As set forth in the Amended Complaint, Plaintiff is wheelchair bound and on or about May 11, 2020, Plaintiff was an inmate at the Cook County Jail. According to the allegations in the Amended Complaint, Plaintiff has a history of depression and on May 11, 2020, Plaintiff alleges that he experienced a mental health crisis following a phone call with his family where he received bad news about his mother's poor health. Plaintiff alleges that the Employee Defendants refused to provide him with a psychiatric evaluation or other medical assistance for his mental health crisis. Plaintiff further alleges that this failure was the direct result of policies and practices implemented by Sheriff Dart and the County of Cook. Finally, Plaintiff has alleged that instead of providing treatment, the Employee Defendants intentionally and excessively beat him. Accordingly, the Amended Complaint contains four (4) counts:**
- **Count I – Use of Excessive Force (Employee Defendants);**
- **Count II – Failure to Intervene (Employee Defendants);**
- **Count III – Failure to Provide Medical Attention (Employee Defendants); and**
- **Count IV – Failure to Provide Medical Attention (Defendants County and Dart).**

E. State the major legal and factual issues in the case.
**Whether based on the facts:**
- **A violation of the Fourth Amendment for excessive force was committed by the Employee Defendants.**
- **A violation of the Fourth Amendment for failure to intervene was committed by the Employee Defendants.**
- **A violation of the Fourteenth Amendment for failure to provide medical attention was committed by the Employee Defendants.**
- **A violation of the Fourteenth Amendment for failure to provide medical attention was committed by Defendants County and Dart.**

F. Describe the relief sought.
**Plaintiff seeks compensatory and punitive damages and attorney's fees and costs, and any other relief that this Court deems necessary and appropriate**

2

#377265v1

        **against each defendant.**

2. <u>Case Plan</u>

    A. Identify all pending motions.
    **DeVore Radunsky LLC's motion to withdraw as counsel for the Employee Defendants (Dkt. No. 20)**

    B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.
    **As to Defendants County and Dart, the defendants' counsel are evaluating whether they intend to file a motion to dismiss and are awaiting further information from the County and Sheriff's Office. At this stage, Plaintiff appears to be a pretrial detainee and, if so, the 14th and not 8th Amendment, which has been pled, would apply. Defense counsel is evaluating whether certain qualified immunities may exist, including immunity from punitive damages and defenses to the Monell-style allegations in Count IV. In addition, as a threshold matter, the defendants are evaluating potential defenses under the PLRA including whether plaintiff complied with the Cook County Jail's grievance policy and exhausted his administrative remedies prior to filing suit. The defendants request until April 14, 2023, to file their responsive pleadings. This also would allow time for the other defendants to appear and waive service which would give them 60 days to file their responsive pleadings.**

    **As to Employee Defendants, not applicable as they have not yet authorized any appearances to be made on their behalf.**

    C. Submit a proposed discovery plan, including the following information:

        i. the general type of discovery and Other Orders needed;
        **Parties' Initial Rule 26(a)(1) disclosures; Written Interrogatories pursuant to Rule 33 and Requests to Produce documents pursuant to Rule 34; possible Rule 36 Request to Admit; HIPAA Protective Order.**

        ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;
        **There will potentially be ESI. The parties agree to meet and confer prior to any ESI requested to narrow down the scope of any requests, including custodians, date ranges, search terms and reasonable dates for any production.**

        iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production

        pursuant to Federal Rule of Evidence 502(d);
**Given the highly sensitive and proprietary nature of records being produced by the County and Jail, in order to protect their dissemination, the defendants intend to file an Agreed motion and Confidentiality Order consistent with this Court's Standing Order (i.e., Model Confidentiality Order in LR 26.2) prior to any production.**

iv.    the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;
**Plaintiff proposes that such disclosures be made on or before March 20, 2023 or within a reasonable time after this Court determines when Defendants County and Dart's responsive pleadings are due.**

v.    the date by which the parties will complete fact discovery;
**Plaintiff proposes completion of fact discovery 60 days following the disclosure required under Federal Rule of Civil Procedure 26(a)(1).**

**This is difficult to predict given the number of defendants who Plaintiff might wish to depose. Plaintiff has named 16 defendants. In addition, medical discovery is highly likely and could take several months. Defendants County and Dart propose 9 months or until October 1, 2023 to complete fact discovery. The Parties propose a status on discovery sometime in June or July 2023.**

vi.    whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;
**To the extent Plaintiff contemplates such expert discovery, Plaintiff proposes that its Federal Rule of Civil Procedure 26(a)(2) disclosure be made prior to the closure of fact discovery. Defendants County and Dart would request the Court set an expert discovery schedule after fact discovery has been completed.**

vii.    what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and
**Plaintiff proposes no limitation. Defendants County and Dart also propose none at this time.**

viii.    the date by which the parties must file any dispositive motions.
**Plaintiff proposes a date 35 days following the closure of fact discovery. Defendants County and Dart request 45 days so that they have sufficient time to order and evaluate any relevant depositions prior to filing any dispositive motion.**

4

#377265v1

D. State whether there has been a jury demand and the estimated length of the trial.
**Yes, a jury was demanded. The trial length is not predictable at this time.**

3. <u>Settlement</u>

    A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.
    **None.**

    B. State whether the parties believe that a settlement conference would be productive at this time.
    **Plaintiff believes so. Defendants County and Dart have not received any settlement demand from Plaintiff yet so they are unable to evaluate the potential for settlement. If Plaintiff makes a reasonable settlement demand, the defendants are amenable to the possibility of participating in a settlement conference.**

4. <u>Consent to Proceed Before a Magistrate Judge</u>

    A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do *not* indicate which parties consented or did not consent.
    **Plaintiff has not been so informed but a call will be arranged to inform him of such. Defendants County and Dart do not consent to a Magistrate at this time.**

Respectfully submitted,

| | |
|---|---|
| **JONATHAN LACY** | **COOK COUNTY AND SHERIFF DART** |
| By: /s/ *Nicholas D. Standiford* | By: /s/ *Troy S. Radunsky* |
| SCHAIN, BANKS, KENNY & SCHWARTZ, LTD. | DEVORE RADUNSKY LLC |
| Ronald S. Cope (ARDC # 051256) | Jason E. DeVore (ARDC # 6242782) |
| Nicholas D. Standiford (ARDC # 6315763) | Troy S. Radunsky (ARDC # 6269281) |
| 70 W. Madison Street, Suite 2300 | 230 W. Monroe Street, Ste. 230 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| Phone: (312) 345-5700 | (312) 300-4479 telephone |
| rcope@schainbanks.com | jdevore@devoreradunsky.com |
| nstandiford@schainbanks.com | tradunsky@devoreradunsky.com |

#377265v1