UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN LACY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF COOK, COOK COUNTY ) <br> SHERIFF THOMAS DART, ) <br> LIEUTENANT J. GUST, LIEUTENANT ) <br> A. LUPPINO, OFFICER A. ) <br> STUBENVOLL, OFFICER T. JACKSON, ) <br> OFFICER K. WOODS, OFFICER J. ) <br> OLIVAS, OFFICER M. HILL, OFFICER ) <br> C. HILL, OFFICER G. FLORES, ) <br> OFFICER T. PRINE, OFFICER F. ) <br> HUGHES, OFFICER G. HARPER and ) <br> OFFICER E. OLEA, ) <br> ) <br> Defendants. | Case No.: 1:22-cv-01335 <br><br> Honorable Sara L. Ellis |

**QUALIFIED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" ("PHI") pertaining to Plaintiff and all other individuals whose PHI may otherwise be discoverable in this matter under the Federal Rules of Civil Procedure (collectively, the "Covered Individuals") to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an

individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

0. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to the Covered Individuals to attorneys of record in the above-captioned litigation.

0. The parties and their attorneys shall be permitted to use the PHI of all Covered Individuals in connection with the prosecution or defense of the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (*i.e.*, attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process. The parties and their attorneys shall not use the PHI of the Covered Individuals for any purpose other than in connection with the above-captioned litigation.

1. Prior to disclosing PHI to persons involved in this litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation. Counsel shall maintain a list of all persons other than court personnel, attorneys of record and their staff, experts, consultants, jurors and venire members, court reporters, and copy services, to whom PHI is disclosed, and make such list available upon request to opposing counsel.

2. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of PHI received from counsel pursuant to paragraph four of this Order, shall return the PHI to the covered entity or destroy any and all copies

of the PHI, except that counsel are not required to secure the return or destruction of PHI submitted to the court.

3. This Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

4. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, a patient authorization, or through attorney-client communications. Likewise, nothing in this Order relieves any party from complying with the requirements of any state or federal law protecting the disclosure of health information except as specifically set forth above.

5. Nothing in this Order shall operate as an admission of, or waiver of objection to, the relevance or discoverability of any specific item of PHI by any party, or as a ruling by the Court on the discoverability, relevance, or admissibility of any piece of evidence.

6. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

Dated: March 10, 2023　　　　　　　　Entered:

　　　　　　　　　　　　　　　　　　　Hon. Sara L. Ellis
　　　　　　　　　　　　　　　　　　　United States District Court

3