## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-01335 |
| | ) | |
| vs. | ) | Hon. Sara L. Ellis |
| | ) | |
| COUNTY OF COOK, COOK COUNTY | ) | |
| SHERIFF THOMAS DART, LIEUTENANT | ) | |
| J. GUST, LIEUTENANT A. LUPPINO, | ) | |
| OFFICER A. STUBENVOLL, OFFICER T. | ) | |
| JACKSON, OFFICER K. WOODS, OFFICER | ) | |
| J. OLIVAS, OFFICER M. HILL, OFFICER C. | ) | |
| HILL, OFFICER G. FLORES, OFFICER T. | ) | |
| PRINE, OFFICER F. HUGHES, OFFICER | ) | |
| G. HARPER, and OFFICER E. OLEA | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS
## PURSAUANT TO FED. R. CIV. P. 12(b)(6)

NOW COME Defendants COOK COUNTY, a Body Politic and Corporate (Incorrectly named as County of Cook), COOK COUNTY SHERIFF THOMAS DART, in his official capacity, LIEUTENANT J. GUST, LIEUTENANT A. LUPPINO, OFFICER A. STUBENVOLL, OFFICER T. JACKSON, OFFICER K. WOODS, OFFICER J. OLIVAS, OFFICER M. HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER T. PRINE, OFFICER F. HUGHES, OFFICER G. HARPER, and OFFICER E. OLEA, by and through their attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, and for their Motion To Dismiss for Failure to State a Claim, state as follows:

## BACKGROUND

Plaintiff Jonathan Lacy first filed this action as a handwritten complaint, which was accepted by the court on April 14, 2022. ECF Nos. 1, 6. Thereafter, on December 30, 2022, counsel

for Plaintiff filed a First Amended Complaint, adding Cook County as a defendant, along with the following individual employee defendants: Lieutenant J. Gust, Lieutenant A. Luppino, Officer A. Stubenvoll, Officer T. Jackson, Officer K. Woods, Officer J. Olivas, Officer M. Hill, Officer C. Hill, Officer G. Flores, Officer T. Prine, Officer F. Hughes, Officer G. Harper, and Officer E. Olea. ECF No. 16. Plaintiff's complaint sounds in four counts: Count I – Use of Excessive Force against Employee Defendants; Count II – Failure to Intervene against Employee Defendants; Count III – Failure to Provide Medical Attention against Employee Defendants; and Count IV – Failure to Provide Medical Attention against Defendant Cook County Sheriff Thomas Dart and Cook County.

Plaintiff's claims relate to an incident alleged to have occurred on May 11, 2020, wherein Plaintiff alleged that he received news of his mother's critical illness and presence in the hospital, and resultantly "experience[d] a severe mental health breakdown." ECF No. 16 ¶¶ 29-31. He further alleges that after receiving information regarding his mother he requested, but was denied, a psychiatric evaluation, which led to an incident wherein Plaintiff continually threatened self-harm, ripped the metal arms from his wheelchair, brandished them as weapons in order to physically attack the cell walls for attention, and attempted to hang himself. *Id.* ¶¶ 33-53. Upon Plaintiff's attempt to hang himself, plaintiff alleges that officers entered his cell, and Plaintiff "put up his hands, and bowed his head, showing he did not have any other wheelchair parts on hand." *Id.* ¶¶ 46-48. It is then alleged that Plaintiff was taken "out of his wheelchair and slammed ... to the ground of the cell[,]" where he was "repeatedly punched and kicked[,]" getting "hit ... in the face at least eight times[,]" and was then placed in handcuffs with his wheelchair removed from his cell, "leaving [Plaintiff] physically injured, in a continued mental health crisis, and unable to move without his wheelchair." *Id.* ¶¶ 49-53.

## STANDARD OF REVIEW

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). When considering a motion to dismiss, courts evaluate whether Plaintiff's complaint has met its obligation to provide sufficient grounds for its entitlement to relief beyond a mere "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A court considering a motion to dismiss should assume the veracity of all well-pled factual allegations in the complaint, then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a 12(b)(6) motion to dismiss. *Id.* at 678. To avoid dismissal, the complaint must sufficiently describe the claim to give the defendant fair notice of the claim and the grounds upon which it rests, and the complaint must include enough facts to state a claim to relief that is plausible on its face and rise above a speculative level. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *E.E.O.C. v. Concentra Health Services., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## ARGUMENT

I.      **Employee Defendants Should be Dismissed from Count III of Plaintiff's Complaint Because Plaintiff Fails to Plead a Prima Facie Case of Failure to Provide Medical Attention**

Plaintiff's complaint fails to plead a prima facie case against any defendant, aside from Gust, Jackson, and Stubenvoll. Thus, this Court should dismiss Count III against individual employee defendants: Lieutenant A. Luppino, Officer K. Woods, Officer J. Olivas, Officer M. Hill, Officer C. Hill, Officer G. Flores, Officer T. Prine, Officer F. Hughes, Officer G. Harper, and Officer E. Olea.

A "pretrial detainee's right not to be punished is at least as expansive as a convicted prisoner's freedom from cruel and unusual punishment" under the Eighth Amendment. *Swofford v. Mandrell*, 969 F.2d 547, 549 (1992) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). The Seventh Circuit has specifically noted that "punishment is punishment, and there is no reason why the term should mean two different things in the 8th and 14th amendment contexts." *Solomon v. English*, Case No. 92 C 1597, 1994 WL 61794, *2 (N.D. Ill. Feb. 24, 1994) (quoting *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991)).

In the context of a prisoner's right to medical care, the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Seventh Circuit has since applied the same *Estelle* "deliberate indifference" standard to pre-trial detainees seeking protection against medical mistreatment under the due process clause. *Solomon*, 1994 WL 61794, *6.

"'[A] prison official violates the Eighth Amendment **only when two requirements are met**. First the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.'" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (emphasis added); *see also Bond v. Aguinaldo*, 256 F. Supp. 2d 810, 812 (N.D. Ill. 2003) ("Prison officials violate the Eighth Amendment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'"). The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases, the requisite state of mind to reach

4

the level of sufficiently culpable is one of 'deliberate indifference' to inmate health or safety. *Snipes*, 95 F.3d at 590-91 (citations omitted).

Hence, "[a] claim based on deficient medical care must demonstrate two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Dunlap v. Sims*, Case No. 13-cv-06301, 2015 WL 5693430, *9 (N.D. Ill. Sep. 28, 2015) (quoting *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)). To satisfy the second element, the relevant inquiry is "whether the official actually knew about the plaintiff's condition, and not whether a reasonable official should have known." *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Determination of whether a prison official acted with "deliberate indifference" is subjective:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment [and thus falls outside the Eighth Amendment].

*Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Bond v. Aguinaldo*, 256 F. Supp. 2d 810, 812 (N.D. Ill. 2003).

Negligence or inadvertence will not support a claim of deliberate indifference. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Minimally, Plaintiff must show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. *Roe*, 631 F.3d at 857. Moreover, deliberate indifference may be manifested "by prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 105. The Supreme Court reasoned in *Estelle* that "an inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* at 103.

Thus, to prevail on a § 1983 claim for failure to provide medical attention, it must be shown that a defendant either intended to harm plaintiff, or acted in a criminally reckless manner, which means that defendant "knew of a significant risk that [a detainee] would die or suffer grievously but [was] indifferent to that risk." *Solomon v. English*, Case No. 92 C 1597, 1994 WL 61794, at *6-7 (N.D. Ill. Feb. 17, 1994) (quoting *Salazar*, 940 F.2d at 238). The required intent to harm (or recklessness) may be met where the defendant has actual knowledge of an impending, easily preventable harm yet fails to prevent it. *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985); *see also McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991) ("[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.").

Plaintiff's Complaint is bereft of allegations that all Employee Defendants received the information that Plaintiff had requested medical aid or evaluation, or that all officers denied it. Specifically, Plaintiff first only alleges that "all Cook County Jail employees, including [employee defendants] knew or should have known of [Plaintiff's] disability." ECF No. 16 ¶ 26. Later, Plaintiff alleges that "the Employee Defendants knew that the other officers, in particular C.O. STUBENVOLL and LT. GUST, were using excessive force against [Plaintiff]." *Id.* ¶ 62. Plaintiff's particular focus on Defendants Stubenvoll and Gust is telling, as these defendants, along with Jackson, are the only employees Plaintiff actually references in relation to Plaintiff's communications regarding his mental health issues. *Id.* ¶¶ 32, 34-35, 39, 42. Accordingly, Plaintiff has not shown that employee defendants Lieutenant A. Luppino, Officer K. Woods, Officer J. Olivas, Officer M. Hill, Officer C. Hill, Officer G. Flores, Officer T. Prine, Officer F. Hughes, Officer G. Harper, and Officer E. Oleawere aware of any substantial risk to Plaintiff from his alleged mental health crisis. Hence, they could not have been deliberately indifferent to such risk.

In fact, the first involvement the other named employee defendants have in this case, is their entry to Plaintiff's cell following Defendants Stubenvoll and Gust, in response to Plaintiff's attempts to tie a bedsheet around his neck. *Id.* at ¶¶ 46-48.

Notably, Plaintiff mentions that just prior to all employee defendants' entry into his cell, Defendant Stubenvoll alone entered Plaintiff's cell twice and removed the arms of Plaintiff's wheelchairs, which he had removed and been using to hit the door to threaten or attack the guards, from their point of view. *Id.* at 40-45. Plaintiff's behavior with the wheelchair arms, despite his alleged mental health crisis, had a violent and threatening appearance which the employee defendants clearly perceived as that which they should be guarded against. Aside from being uninformed as to any alleged mental health crisis, and therefore unaware of any potential risk to Plaintiff, the only risk employee defendants could have perceived was the risk to their own bodily health and safety posed by Plaintiff's violent and threatening behavior.

Plaintiff has only pled that Defendants Stubenvoll, Gust, and Jackson were in actual receipt, or on notice, of the information that Plaintiff was experiencing an alleged mental health crisis. The only knowledge of Plaintiff's current condition that defendants other than Stubenvoll, Gust, and/or Jackson had was awareness of Plaintiff's immediately prior behavior of ripping his wheelchair apart and threateningly beating the cell door with it. In light of this behavior, it is not surprising that the other Employee Defendants would not have been on notice of the risk to Plaintiff as a result of his condition, despite that, as Plaintiff asserts, "[a]t no point during his mental health crisis did [Plaintiff] threaten to harm others or exhibit aggressive behavior towards other inmates or guards. ECF No. 16 ¶ 41. Thus, Employee Defendants other than Stubenvoll, Gust, and/or Jackson could not have been aware of any potential risk to Plaintiff that they were then deliberately indifferent to. Accordingly, Employee Defendants Lieutenant A. Luppino, Officer K. Woods,

7

Officer J. Olivas, Officer M. Hill, Officer C. Hill, Officer G. Flores, Officer T. Prine, Officer F. Hughes, Officer G. Harper, and Officer E. Olea should be dismissed from Count III of Plaintiff's Complaint.

## II. Cook County Should be Dismissed from Count IV of Plaintiff's Complaint Because the Claim is Duplicative Against Cook County and Sheriff Dart and the Sheriff is Not an Agent of the County

Count IV against Cook County should be dismissed as a duplicative claim against Cook County and because Sheriff Dart is not an agent of Cook County. Count IV of Plaintiff's Complaint (ECF No. 16 ¶¶ 76-82), alleges that Sheriff Dart and Cook County failed to provide necessary medical attention to Plaintiff. Although not specifically referenced, Count IV appears to attempt to present a *Monell* claim, but Plaintiff makes no allegation that any harm was caused by an express policy or widespread practice. Further, the Complaint provides no details to differentiate Sheriff Dart from Cook County, but instead seeks to hold both entities liable for the same alleged acts by the same alleged individuals. It is well settled that Cook County cannot be directly liable for the actions of the Cook County Sheriff, who is an elected official, and not an employee of Cook County, nor an agent of the County. As stated by the *Moy c*ourt, the County Sheriff is an elected position possessing "statutory duties with respect to the Cook County Jail ... independent of and unalterable by any governing body[,]" and "the county is given no authority to control the office of the sheriff." *Moy v. County of Cook*, 640 N.E.2d 926, 928-29 (Ill. 1994). This claim should be dismissed for several reasons.

First, Plaintiff's claim as pled is duplicative as it cannot be brought against both Sheriff Dart and Cook County. *Moy*, 640 N.E.2d at 926; *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010) ("It is well-settled that duplicative counts in a complaint may be properly dismissed." (internal quotation marks and citation omitted)). Cook County cannot

be held vicariously liable for the Sheriff's alleged acts or policies, or the resultant effects therefrom. *Moy*, 640 N.E.2d at 928.

The Seventh Circuit treats actions brought against individual defendants in their official capacities as suits brought against the government entity itself. *See Walker v. Sheahan*, 526 F.3d 973, 976 (7th Cir. 2008); *see also Jungels v. Pierce,* 825 F.2d 1127, 1129 (7th Cir. 1987) ("the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city. . . . This makes no practical difference; the city is liable for the official actions of its senior policy-making official. . . . But nothing was added by suing the mayor in his official capacity.") (internal citations omitted); *Davis v. Vill. of Hazel Crest*, Case No. 17-cv-3724, 2018 WL 835224, at *6 (N.D. Ill. Feb. 13, 2018) ("The Court agrees that Plaintiff's federal claims against the Individual Defendants in their official capacities are duplicative of his federal claims against the Village."); *Willis v. Bell*, 726 F. Supp. 1118, 1124 (N.D. Ill. 1989) ("adding the official-capacity claim in the present situation 'makes no practical difference,' there is no reason to retain [the Individual Defendants] as ... part[ies] to this action."). Thus, a claim against Sheriff Dart is the same as a claim against the Cook County Sheriff's Office itself. Yet, Plaintiff's Complaint generally refers collectively to the municipal Defendants as "Cook County Sheriff Thomas Dart and County of Cook" or "Sheriff Dart and the County[,]" ECF No. 16 ¶¶ 76-82, implying the claim was always intended as against both concurrently.

Second, Cook County cannot be held vicariously liable for the Sheriff's acts based on a theory of *respondeat superior* because Cook County is not the Sheriff's employer. *Moy*, 640 N.E.2d at 928. The Sheriff is an elected official, who is a county officer and is not in an employment relationship with the county. *Id.* The Office of the Sheriff is created by the Illinois Constitution, unlike an employee-employer relationship, created by execution of an employment

9

contract. *Id.* at 930-31. Thus, Cook County cannot be held liable for the acts of either the Sheriff or Sheriff's officers because they are not agents of the County.

Third, *Monell* claims require a Plaintiff to plead that an official policy or widespread practice "is *responsible* for the deprivation of rights" and require a fact specific inquiry into whether a plaintiff's injuries were caused by the policies and practices complained of with particularity. *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 306 (7th Cir. 2010) (citing *Monell v. Dept. Of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690, 698 (1978)) (emphasis added). The policy or practice must be the moving force behind the violation. *Id.*

Here, the complaint merely alleges that a single event constitutes a policy or practice that fails to adequately address mental health emergencies. ECF No. 16 ¶ 79. This does not state a plausible claim or reflect a policy or practice that is a moving force behind a violation. While there is no bright line defining a "widespread custom or practice," a single allegation of unconstitutional conduct does not show that a policy, practice, or custom, exists. *City of Oklahoma v Tuttle*, 471 U.S. 808, 822-23 (1985); *see also Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002) (holding that even three isolated incidents were too few to indicate that a municipality had a widespread custom of which policymakers had reason to be aware). As such, no policy or custom under *Monell* was properly pled as evidenced from a single incident. Further, in addition to and despite not showing the handling of this singular incident to be a policy or custom, Plaintiff makes no allegations that Cook County itself had any part in the implementation or execution of the same, as well as that the incident was the express result of such.

The Complaint is bereft of any allegations plausibly suggesting that Cook County had any involvement in the incident involving Plaintiff. Instead, the complaint alleges wrongdoing against several officers on "information and belief" and against one officer by name. Additionally, the

claims against Cook County are duplicative of those against Sheriff Dart, justifying dismissal. Similarly, Plaintiff failed to even make any clear allegation of Cook County's promulgation of policies or customs, or that they were the moving force behind the alleged violations, as required by *Monell*. Thus, the claim against Cook County should be dismissed.

III.    **Sheriff Dart Should be Dismissed from Count IV of Plaintiff's Complaint Because It Has No Allegations of His Personal Individual Involvement and Alleges No Policy or Widespread Practice Under *Monell***

Plaintiff's Count IV claims against Sheriff Dart also fail due to his failure to properly plead *Monell* liability. There are no allegations that Sheriff Dart, in his individual capacity, took any actions or caused any injury or deprivation. The same is true with regard to his official capacity, in that no allegations were pled that he personally promulgated or had any role in the promulgation of policies or customs which resulted in the injury or deprivation alleged by Plaintiff. ECF No. 16. *Thomas*, 604 F.3d at 306. Further, as shown above, Plaintiff has also not properly pled the existence of any widespread policy or practice through his illustration of Sheriff's Officers' response to a single incident. *City of Oklahoma*, 471 U.S. at 822-23; *Gable*, 296 F.3d at 538. For these reasons, any claims against Sheriff Dart, in either his individual or official capacities, should be dismissed.

No actions in Plaintiff's Complaint are attributable to Sheriff Dart in his individual capacity. Sheriff Dart is not alleged to have had any personal involvement in the injury or deprivation alleged, nor in the promulgation of any policies or practices directly resulting in the occurrence of the injury or deprivation at hand. ECF No. 16. Individual liability necessitates a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430

F.3d 809, 810 (7th Cir. 2005) (citations omitted). Additionally, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). No actions here are attributable to Dart, and the actions of his officers are not attributable to him, therefore in his individual capacity he must be dismissed.

Alternatively, as against Sheriff Dart in his official capacity – synonymous with the Cook County Sheriff's Office (*Walker*, 526 F.3d at 976; *Jungels*, 825 F.2d at 1129) – Plaintiff's *Monell* claim fails for another reason. Official Capacity suits can only stand where the alleged deprivation is the result of (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). Plaintiff has not pled any express policy, nor has he made any express allegation that Sheriff Dart or his officers caused a constitutional injury, leaving himself only with the option of alleging a widespread policy. The circumstances of a single incident of alleged unconstitutional conduct does not amount to an argument for the existence of a widespread practice. *City of Oklahoma*, 471 U.S. at 822-23. Indeed, even *three* isolated instances may be too few to show the existence of a widespread custom. *Gable*, 296 F.3d at 538. Accordingly, this Court should find that the single instance of allegedly unconstitutional conduct pled here likewise fails to show the existence of a widespread custom, therefore Sheriff Dart should be dismissed likewise in his official capacity.

To the extent that Plaintiff's Complaint purports to present any case against Sheriff Dart in his individual capacity, it fails to present a prima facie case for the reasons outlined above. With regard to Sheriff Dart's official capacity, Plaintiff has likewise failed to show the existence of any widespread practice or custom perpetuated by Sheriff Dart or his officers that directly resulted in the deprivation alleged. For these reasons, Plaintiff has failed to present a prima facie case against Sheriff Dart for liability in both his individual and official capacities.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

1. Granting Defendants' Motion to Dismiss for Counts III and IV;

2. Dismissing Count III against individual employee defendants: Lieutenant A. Luppino, Officer K. Woods, Officer J. Olivas, Officer M. Hill, Officer C. Hill, Officer G. Flores, Officer T. Prine, Officer F. Hughes, Officer G. Harper, and Officer E. Olea;

3. Dismissing Defendant Sheriff Dart from Count IV of Plaintiff's Complaint

4. Dismissing Defendant Cook County from Count IV of Plaintiff's Complaint;

5. Any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By:  */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** was filed on Apri1 14, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*