**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-01335 |
| | ) | |
| vs. | ) | Hon. Sara L. Ellis |
| | ) | |
| COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART, SERGEANT JUSTIN GUST, SERGEANT ANTHONY LUPPPINO, SERGEANT ALBERT STUBENVOLL, OFFICER TERRY JACKSON, OFFICER KENNETH WOODS, OFFICER, J. OLIVAS, OFFICER MARTIN HILL, OFFICER C. HILL, OFFICER G. FLORES, OFFICER DEPUTY SHERIFF TIMOTHY PRINE, OFFICER F. HUGHES, OFFICER GABRIEL HARPER, and OFFICER ERIEL OLEA, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants COOK COUNTY, a Body Politic and Corporate, COOK COUNTY SHERIFF THOMAS DART, in his official capacity, LIEUTENANT JUSTIN GUST, LIEUTENANT ANTHONY LUPPINO, SERGEANT ALBERT STUBENVOLL, OFFICER TERRY JACKSON, OFFICER KENNETH WOODS, OFFICER J. OLIVAS, OFFICER MARTIN HILL, OFFICER C. HILL, OFFICER G. FLORES, DEPUTY SHERIFF TIM PRINE, OFFICER F. HUGHES, OFFICER GABRIEL HARPER, and OFFICER ERIEL OLEA, by and through their attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, and for their Motion To Dismiss

Plaintiff's Second Amended Complaint (incorrectly titled "Plaintiff's Amended Complaint") for Failure to State a Claim, state as follows:

## BACKGROUND

On July 6, 2023, Plaintiff Jonathan Lacy filed his Second Amended Complaint (incorrectly titled "Plaintiff's Amended Complaint") with this Court. (2nd AMCAL, **ECF No. 51**.) Plaintiff's 2nd Amended Complaint sounds in five counts: Count I – 8th and 14th Amendment Use of Excessive Force against Defendants GUST, STUBENVOLL, OLEA, WOODS, and JACKSON; Count II – 8th and 14th Amendment Failure to Intervene against Defendants STUBENVOLL, OLEA, WOODS, JACKSON, M. HILL, PRINE, LUPPINO, C. HILL, FLORES, OLIVAS, HUGHES, and HARPER; Count III – 8th and 14th Amendment Failure to Provide Medical Attention against Defendants GUST, STUBENVOLL, OLEA, WOODS, JACKSON, M. HILL, PRINE, LUPPINO, HARPER, HUGHES, C. HILL, OLIVAS, and FLORES; Count IV – Policy and Practice *Monell* Violation against Cook County Sheriff Thomas Dart; Count V – Indemnity against Cook County. (*Id.*)

Plaintiff's claims derive from a single incident on May 11, 2020, wherein Plaintiff alleges he was informed about his mother's critical illness and experienced a severe mental breakdown. (*Id.* at ¶¶ 27-32.) Thereafter, Plaintiff alleges he requested a psychiatric evaluation, but was denied, which led to an incident wherein he continually threatened self-harm, ripped the metal arms from his wheelchair, brandished them as weapons in order to physically attack the cell walls for attention, and attempted to hang himself. (*Id.* ¶¶ 34-51.) Upon Plaintiff's attempt to hang himself, he alleges that officers entered his cell, and "violently remove[d] him from his chair, kicking him and slamming him to the ground of his cell[,]" where he was alleged beaten by GUST and STUBENVOLL as other officers watched on. (*Id.* at ¶¶ 53-61.) Plaintiff ultimately asserts that the

alleged events left him "physically injured, in a continued mental health crisis, and unable to move without his wheelchair." (*Id.* at ¶ 61.)

Notably, while this information will not be found within the four corners of Plaintiff's complaint, Plaintiff pled guilty to and was convicted of charges that stemmed from his actions towards the correctional officers during the incident described in his complaint – Battery Against Peace Officer (x2). (*See* Certified Statement of Conviction for Case No. 20CR0777201, attached as **Exhibit 1.**) Plaintiff's conviction is a public record of which this Court is permitted to take judicial notice and also take into consideration in this Motion to Dismiss, pursuant to the Supreme Court's findings in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, Plaintiff's excessive force claims are barred by his guilty plea and conviction for battery to peace officers related to the same incident for which Plaintiff now seeks recovery.

## STANDARD OF REVIEW

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). When considering a motion to dismiss, courts evaluate whether Plaintiff's complaint has met its obligation to provide sufficient grounds for its entitlement to relief beyond a mere "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A court considering a motion to dismiss should assume the veracity of all well-pled factual allegations in the complaint, then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a 12(b)(6) motion to dismiss. *Id.* at 678. To avoid dismissal, the complaint must sufficiently describe the claim to give the defendant fair notice of the claim and the grounds upon which it rests, and

3

the complaint must include enough facts to state a claim to relief that is plausible on its face and rise above a speculative level. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *E.E.O.C. v. Concentra Health Services., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## ARGUMENT

I. **Plaintiff's Claims are Barred by *Heck v. Humphrey*.**

This Court should find that Plaintiff's Claims (Count I – Excessive Force; Count II – Failure to Intervene) are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The incident at issue herein is one for which Plaintiff pled guilty and was convicted of aggravated battery against a peace officer, as is discussed herein.

### a. Judicial Notice of Plaintiff's Aggravated Battery Against Peace Officer Conviction

This Court "may take judicial notice of ... public record[s] without converting a motion to dismiss into a motion for summary judgment." *Scott v. Bender*, 893 F. Supp. 2d 963, 971 (N.D. Ill. 2012). *Slep-Tone Entertainment Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898, 904 (N.D. Ill. 2014) (While courts are not usually permitted "to consider matters outside the complaint to decide a motion to dismiss," judicial notice may be taken "of matters of public record."). *See also Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885 (N.D. Ill. 2008). One such category of public record this Court has previously noted acceptable to take judicial notice of are criminal convictions, specifically where related to incidents at issue in a matter. *McCann v. Neilson*, 466 F.3d 619, 620 (7th Cir. 2006) (detailing district court's judicial notice of conviction stemming from incident upon which plaintiff's 1983 excessive force action was based).

Plaintiff in this matter was ultimately charged, pled guilty, and convicted of two counts of aggravated battery against peace officers under 720 ILCS 5/12-3.05(d)(4), among other charges, for his conduct in the incident at issue in the complaint. (*See Ex. 1.*) "A person commits aggravated

4

battery when, in committing a battery, other than by discharge of a firearm, [they] know the individual battered to be … a peace officer[:] … performing [their] official duties; battered to prevent performance of [their] official duties; or battered in retaliation for performing [their] official duties." 720 ILCS 5/12-3.05(d)(4). Plaintiff pled guilty to the charge, therefore he acknowledged that he "kn[e]w the individual battered to be … a peace officer … performing [their] official duties … or battered in retaliation for performing [their] official duties." *Id.* (Ex. 1 at p. 7.)

Accordingly, it is appropriate for this Court to take judicial notice of Plaintiff's convictions, including special attention to Plaintiff's conviction for aggravated battery against peace officers, in case 20CR0777201, in the Cook County Circuit Court.

**b. Plaintiff's Claims are Barred.**

In light of Plaintiff's convictions, this Court should find that Plaintiff's Claims (Count I – Excessive Force; Count II – Failure to Intervene) are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Seventh Circuit has explained that "[t]he *Heck* rule is analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding (and essential to the decision in that proceeding) cannot be reopened in a subsequent case." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citation omitted). The incident at issue herein is one for which Plaintiff pled guilty and was convicted of a crime as is discussed below.

"[W]hen a state prisoner seeks damages [under] 1983[,] … the district court must consider whether ... judgment in favor of ... plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Despite this, where the grounds for the conviction and the facts underlying plaintiff's constitutional claims arise from the same facts, such are "generally ... barred by *Heck*, because typically the plaintiff cannot

5

win without implying that he did not commit the crime." *Thomas v. Miller*, No. 16-cv-7612, 2018 WL 1156325, at *5-6 (N.D. Ill. Mar. 5, 2018).

*Heck* does not intrinsically bar excessive force actions by those convicted of assault, but "it can operate as a bar where specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Jacobs v. Bayha*, 616 Fed. Appx. 507, 513-14 (3d Cir. 2015) (noting jury finding in conviction case of engaging in performance of official duties to be inconsistent with use of excessive force, therefore applying *Heck* to bar the excessive force claim). *See also McCann*, 466 F.3d at 621.

*Heck* is an affirmative defense, *James v. Pfister*, 708 Fed. Appx. 876, 878-79 (7th Cir. 2017), and therefore ordinarily raised in a 12(c) Motion. *Graham v. Healthplex Assocs., Inc.*, 21-cv-03079-JPH-MKK, 2023 WL 2330706, at *2 (S.D. Ind. Mar. 1, 2023). "However, when a plaintiff 'pleads himself out of court' such that an 'affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion.'" *Taylor v. Morris*, No. 22-4132-CSB, 2023 WL 2925160, at *2 (C.D. Ill. Mar. 13, 2023) (quoting *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)).

Here, Plaintiff has pled himself out of court. The applicability of *Heck* is apparent in consideration of the facts alleged in the Complaint; therefore it is appropriate to discuss in this motion. Further, Plaintiff's Second Amended Complaint fails to allege that any aspect of his conviction stemming from the incident at issue in the matter has been vacated or reversed. Therefore, if Plaintiff in any capacity implies the invalidity of that conviction, his claims for monetary damages are barred under *Heck*. *Id.* (citing *Lacey v. Unknown Parole Agent*, No. 12 C 9406, 2012 WL 6217529, at *2 (N.D. Ill. Dec. 12, 2012)).

6

Plaintiff has creatively attempted to re-cast the entire sequence of events for which he already entered a guilty plea and was convicted of on July 7, 2022. (*See* Ex. 1.) In this suit Plaintiff now claims that he only acted this way because of the ongoing mental health crisis and in his own self-defense from Defendant Officers. He is claiming that he did not assault or batter any correctional officers because he was experiencing a severe mental health crisis at the time and should be excused from his actions. Thus, plaintiff is necessarily implying the invalidity of his prior convictions stemming from the incident at issue by pleading and arguing that he did not assault or batter the correctional officers, but that they used excessive force on him *without reason*. He does this to argue that Defendants had no justification to use force against him, unlawfully failed to intervene, and further failed to provide medical attention, all of which will be key points of contention in this litigation. This is precisely what *Heck* bars.

To the contrary, pursuant to the elements of the charge of battery against peace officer that Plaintiff pled guilty to, as discussed above, Plaintiff "kn[e]w the individual battered to be … a peace officer … *performing [their] official duties* … or battered in retaliation for *performing [their] official duties*." 720 ILCS 5/12-3.05(d)(4) (emphasis added). (Ex. 1 at 7.) It cannot simultaneously be the case that Plaintiff understood and acknowledged Correctional Employee Defendants to be operating in performance of their official duties, as well as that they used excessive force on him *without reason*. Defendants merely acted in furtherance of their official correctional officer duties.

This case is extremely similar to *Moore*, where the Seventh Circuit noted that the basis for relief stated in Plaintiff's complaint – that the Plaintiff was the victim of an utterly unprovoked assault at the hands of correctional officers – while "conceivably ... true[,]" was, "given *Heck*, implausible[,]" for the reason that the narrative leading up to the actual alleged incident could not

7

be ignored. *Moore*, 652 F.3d at 725. While the Plaintiff there depicted himself as an innocent "victim of a gratuitous, brutal attack[,]" the actuality was that Plaintiff was more like a "raging bull[] that the second officer ... struggle[d] to handcuff[,] ... and in the melee the first officer struck him with ... reasonable belief that he was defending himself or the other officer or both." *Id.* The *Moore* court noted specifically that Plaintiff's denial of his own violence was not only inconsistent with the findings of the prior investigation but served to falsely bolster the strength of his excessive force claim, therefore it was barred by *Heck*. The same is true herein.

Dismissal of plaintiff's claim, as in *Moore*, is proper. Alternatively, Plaintiff should be ordered to replead and assert allegations consistent with the findings of his criminal conviction for the incident giving rise to Plaintiff's complaint, including Plaintiff's escalation of physicality of the incident asserted involving the correctional officer defendants. *See also McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006); *Littrell v. Gulbrantson*, No. 15 CV 50011, 2018 WL 2933664, at *5-10 (N.D. Ill. June 12, 2018). Plaintiff's excessive force claim cannot stand in light of *Heck*.

Moreover, Plaintiff's failure to intervene claim (Count II) is likewise barred. "In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Where excessive force claims are barred by *Heck*, so too has this Court found it to be the case that accompanying failure to intervene claims are barred as well. *Phillips v. City of Chi.*, No. 14 C 9372, 2015 WL 5675529, at *6 (N.D. Ill. Sep. 24, 2015). *See also Wiley v. City of Chi.*, 361 F.3d 994, 997-98 (7th Cir. 2004).

Accordingly, Counts I and II of Plaintiff's Complaint are barred by *Heck* and should be dismissed.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

1. Granting Defendants' Motion to Dismiss

2. Dismissing Counts I and II against Employee Defendants; and

3. Any other such relief as this court deems reasonable and just.

        Respectfully Submitted,

By: */s/ Jason E. DeVore*
     Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** was filed on September 20, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

      */s/ Zachary Stillman*
      Zachary Stillman