IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-cv-01335 |
| | ) | |
| COOK COUNTY, COOK COUNTY | ) | Honorable Jeffery I. Cummings |
| SHERIFF THOMAS DART, SERGEANT | ) | |
| JUSTIN GUST, SERGEANT | ) | JURY DEMANDED |
| ANTHONYLUPPINO, SERGEANT | ) | |
| ALBERT STUBENVOLL, OFFICER | ) | |
| TERRY JACKSON, OFFICER KENNETH | ) | |
| WOODS, OFFICER J. OLIVAS, OFFICER | ) | |
| MARTIN HILL, OFFICER C. HILL, | ) | |
| OFFICER G. FLORES, OFFICER DEPUTY | ) | |
| SHERIFF TIMOTHY PRINE, OFFICER F. | ) | |
| HUGHES, OFFICER GABRIEL HARPER | ) | |
| and OFFICER ERIEL OLEA, | ) | |
| Defendants. | | |

**INITIAL JOINT STATUS REPORT FOR REASSIGNED CASES**

The plaintiff, Jonathan Lacy ("Plaintiff"), through his attorneys, and the defendants County of Cook and County ("County") and Sheriff Thomas Dart ("Dart") (collectively, Defendants County and Dart"), through their attorneys, submit this Joint Initial Status Report for Reassigned Cases pursuant to the Court's October 30, 2023, Order (Dkt. No. 60) and state as follows:

1. **Nature of the Case**

   A. Identify the attorneys of record for each party, including the lead trial attorney. **Plaintiff is represented by Ronald S. Cope from Schain, Banks, Kenny, and Schwartz as lead attorney. Nicholas D. Standiford and Emily F. Ottesen are also attorneys of record in the case.**

   **Defendants are represented by DeVore Radunsky LLC. Troy S. Radunsky is the lead attorney. Jason E. DeVore is an attorney of record in the case.**

1

B.     State the basis for federal jurisdiction.
**All claims asserted by Plaintiff in the present cause of action are constitutional claims posing federal questions. Federal jurisdiction is therefore appropriate without raising issues of supplemental or diversity jurisdiction.**

C.     Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.
**As set forth in the Plaintiff's Second Amended Complaint, Plaintiff is wheelchair bound and on or about May 11, 2020, Plaintiff was an inmate at the Cook County Jail. According to the allegations in Plaintiff's Second Amended Complaint, Plaintiff is a wheelchair bound quadriplegic who has a history of depression. Plaintiff alleges that on May 11, 2020, he experienced a mental health crisis following a phone call with his family where he received bad news about his mother's poor health. Plaintiff alleges that during his mental health crisis Defendants Gust, Stubenvoll, Olea, Woods, and Jackson, violently beat Plaintiff in a display of excessive force. Plaintiff further alleges that Defendants Stubenvoll, Olea, Woods, Jackson, M. Hill, Prine, Luppino, C. Hill, Flores, Olivas, Hughes, and Harper, are responsible for failing to intervene, and that Defendants Gust, Stubenvoll, Olea, Woods, Jackson, M. Hill, Prine, Luppino, Harper, Hughes, C. Hill, Olivas, and Flores refused to provide him with a psychiatric evaluation or other medical assistance for his mental health crisis. Plaintiff further alleges that this failure was the direct result of policies and practices implemented by Sheriff Dart. Finally, Plaintiff has alleged that Cook County is responsible for indemnifying all named defendants. Accordingly, the Amended Complaint contains four (4) counts:**
- **Count I – Use of Excessive Force (Gust, Stubenvoll, Olea, Woods, and Jackson);**
- **Count II – Failure to Intervene (Stubenvoll, Olea, Woods, Jackson, M. Hill, Prine, Luppino, C. Hill, Flores, Olivas, Hughes, and Harper);**
- **Count III – Failure to Provide Medical Attention (Gust, Stubenvoll, Olea, Woods, Jackson, M. Hill, Prine, Luppino, Harper, Hughes, C. Hill, Olivas, and Flores);**
- **Count IV – Failure to Provide Medical Attention (Sheriff Dart); and**
- **Count V – Indemnity (Cook County).**

**The defendants have filed a motion to dismiss and have not determined what defenses it intends to argue yet. Defendants do anticipate arguing tort immunity defenses if they are ordered to file an answer.**

D.     Describe the relief sought.
**Plaintiff seeks compensatory and punitive damages and attorney's fees and costs, and any other relief that this Court deems necessary and appropriate against each defendant.**

E.     Identify any parties that have not yet been served.

      **None.**

2. <u>**Discovery and Pending Motions**</u>

    A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.
       **Defendants have filed a Rule 12(b)(6) Motion to Dismiss. Plaintiff timely filed his response on October 25, 2023. Defendants' Reply is due by November 22, 2023.**

    B. What is the current discovery schedule?
       **All discovery is currently stayed pending a ruling on Defendants' Motion to Dismiss.** *See* **Dkt. No. 53.**

    C. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completed discovery by the current deadline.

       **Defendants have issued their Rule 26 mandatory disclosures. Discovery is otherwise stayed and no other discovery has taken place. There is currently no discovery schedule or other discovery related deadlines.**

    D. Briefly summarize all substantive rulings issued in the case. (For each ruling, including the date and the docket number.)

       **On April 14, 2022, this Court granted Plaintiff's application to proceed** *in forma pauperis* **and Motion for Attorney Representation.** *See* **Dkt. No. 5.**

       **On July 6, 2023, this Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint.** *See* **Dkt. No. 50.**

    E. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.

       **Plaintiff does not anticipate filing any motions.**

       **Defendants do not yet know which dispositive motions it intends to file yet since discovery has not been completed. Defendants reserve the right to file any dispositive motions consistent with the courts case management order.**

3. <u>**Trial**</u>

    A. Have any of the parties demanded a jury trial?
       **Yes, a jury was demanded.**
    B. What is the trial date (if any)?

      **None.**
- C. Have the parties filed a final pretrial order? If not, when is the deadline for filing?
**No pretrial order has been filed, and there is currently no deadline for filing**.
- D. Estimate the number of trial days.
**The trial length is not predictable at this time.**

4. **Settlement, Referrals, and Consent**

   - A. Have any settlement discussions taken place? If so, what is the status?
   **The parties engaged in an unsuccessful settlement conference before the Honorable Heather K. McShain on March 10, 2023. Ahead of the conference, Plaintiff issued a settlement demand, however the settlement conference was unsuccessful.**

   - B. Has this case been referred to the Magistrate Judge for Discovery supervision and/or a settlement conference?
   **On February 9, 2023 this case was referred to the Magistrate for a settlement conference, which was held on March 10, 2023. The conference was unsuccessful and no further referrals have been made.**
   - C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?
   **Plaintiff is amenable to participating in a settlement conference at this time. Defendants do not believe that a settlement conference would be fruitful at this time in light of plaintiff's prior demand and the current procedural posture.**
   - D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?
   **All parties have been so informed, however, all parties do not consent to a Magistrate at this time.**

5. **Other**

   - A. Is there anything else that the plaintiff wants the Court to know?
   **The Plaintiff has nothing further at this time.**
   - B. Is there anything else that the defendants want this Court to know?
   **The Defendants have nothing further at this time.**

Respectfully submitted

**JONATHAN LACY**
By: */s/ Ronald S. Cope*
SCHAIN, BANKS, KENNY & SCHWARTZ, LTD.
Ronald S. Cope (ARDC # 051256)
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602

Phone: (312) 345-5700
rcope@schainbanks.com

**COOK COUNTY AND SHERIFF DART**

By: /s/ *Troy Radunsky*

DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com